IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD J. SCOBIE                        )
        Plaintiff,                    )
                                      )
    v.                                )   Civil Action No. 03-1224
                                      )
WACO EQUIPMENT COMPANY, et al.        )
        Defendants.                   )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                May 1, 2008

This personal injury case was originally filed in the Court of Common Pleas of Butler County, Pennsylvania. Chad Scobie was injured when he fell from a mast climber scaffolding unit in 2003. Defendant International Tower Climbing, Ltd., manufactured the unit. The remaining defendants, Waco Equipment Company, Regional Mast, Inc., and Safeworks, LLC, and their related entities, were involved in the distribution of the unit.

Defendant Safeworks has filed a motion for leave to join Stephen Coon and James Valentine as third-party defendants [doc. no. 66]. According to Safeworks, to the extent that it and co-defendant Regional Mast are both found liable to Scobie, Coon and Valentine have a duty to indemnify Safeworks. Safeworks contends that Coon and Valentine assumed this duty by signing an Asset Purchase Agreement in 2000 under which Safeworks bought Regional Mast. At the time of the purchase, Coon and Valentine were the sole shareholders of Regional Mast. Regional Mast opposes

the motion on the ground that the proposed third-party complaint fails to state a claim upon which relief can be granted. Regional Mast argues that Coon and Valentine did not agree in the Asset Purchase Agreement to indemnify Safeworks against the claims made by Scobie in this case.

As an initial matter, we must first identify the issue that is before the court. Although Safeworks has styled its motion as one under Federal Rule of Civil Procedure 15, in fact, Safeworks is seeking leave to file a third-party complaint under Rule 14.[1] For its part, Regional Mast asks both that the court deny Safeworks's motion, and at the same time issue a substantive ruling that the Asset Purchase Agreement "is not applicable to this lawsuit." Putting aside these procedural errors, the only question before the court is as follows: Should this court grant Safeworks the leave required under Federal Rule of Civil Procedure 14(a)(1) to serve a summons and complaint on non-parties Coon and Valentine? The answer is no.

Federal Rule of Civil Procedure 14(a) provides that a defendant may file a third-party action against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the

---

[1] No party has indicated that Coon and Valentine are parties who must be joined pursuant to Rule 19. The court finds no support for such an argument in the record, and, thus, has not considered the joinder of Coon and Valentine under that Rule.

third-party plaintiff." Fed. R. Civ. P. 14(a). A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff. FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994). A defendant may file a third-party action as of right within ten days after filing the original answer. Beyond that ten day time period, however, a defendant may only file a third-party action after obtaining leave of court. Fed. R. Civ. P. 14(a).

The decision of whether to allow a party to file a third-party complaint rests in the sound discretion of the court. Bike v. Am. Motors Corp., 101 F.R.D. 77, 78 (E.D. Pa. 1984). Rule 14(a) does not specify the factors a court should consider when deciding whether to allow a third-party complaint. However, courts have identified a number of factors to be considered when determining whether to grant leave to implead a third-party defendant pursuant to Rule 14, including: (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one law suit; and (4) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-

3

party action and plaintiff's action. McCurdy v. Wedgewood Capital Mgmt. Co., Inc., 1999 WL 554590, *1 (E.D. Pa. Jul. 16, 1999)(citing Saunders v. Jim Emes Petroleum Co., Inc., 101 F.R.D. 405, 407-408 (W.D. Pa. 1983)); see also FHF Partners v. KMA Fin. Group, LLC, 2007 WL 710287, at *2 (E.D. Pa. Mar. 5, 2007). A Rule 14(a) motion should be "freely granted to promote...efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Hicks v. Long Island R.R., 165 F.R.D. 377, 379 (S.D.N.Y. 1996). Under these standards, we find that leave should not be granted to Safeworks to file the proposed third-party complaint against Coon and Valentine.

First, the motion is not timely. Regardless of Safeworks's exact theory of indemnity, there is no question that Safeworks contends that Coon and Valentine must indemnify it under the terms of the Asset Purchase Agreement. As Safeworks itself states, this agreement was entered into in February of 2000 between Safeworks, as buyer, Regional Mast, as seller, and Coon and Valentine, as shareholders of Regional Mast. Safeworks produced the Agreement as part of its initial disclosures in this case. This case is now almost five years old. Safeworks has offered no viable explanation as to why it waited until now to attempt to implead Coon and Valentine.

We do not consider Coon and Valentine's recent deposition testimony regarding the circumstances surrounding the

4

negotiation of the Agreement to be "essential to the establishment of a cause of action for contractual indemnification." The Agreement itself establishes that cause of action. The circumstances surrounding the Agreement's negotiation may have some effect on the cause of action, including any defenses to it, but do not establish the claim. Therefore, the recent deposition testimony does not provide a reasonable explanation as to why Safeworks waited until 2008 to assert a claim based on a contract that was signed in 2000. Similarly, the fact that Regional Mast may be jointly liable with Safeworks, yet judgment proof, does not justify the delay. Regional Mast ceased operations in 2000 when Safeworks bought its assets. Regional Mast has been judgment proof since this case started. Likewise, Safeworks and Regional Mast have long been potential joint tortfeasors in this case. The court can find no justification for Safeworks's delay of five years in seeking to implead Coon and Valentine. As such, we find the motion for leave to be untimely.

Second, we find that the third-party complaint will introduce an unrelated controversy and unduly complicate the case to the prejudice of Scobie, and also would involve different evidence, witnesses, and legal issues. As such, the second and fourth factors weigh against granting Safeworks leave to file a third-party complaint against Coon and Valentine. Scobie has brought a personal injury case against various companies involved

in the manufacture and distribution of a scaffolding unit. Although the various companies dispute liability among each other, the case is a relatively straightforward products liability case. The circumstances of the scaffolding unit's design, manufacture, distribution, and use have been the focus of discovery, which is scheduled to close this month, and will be the focus of the trial of this matter.

However, the proposed third-party complaint would insert separate and distinct issues into the case - those being the negotiation, terms, and conditions of the 2000 Asset Purchase Agreement. Scobie had no involvement with that Agreement. His injuries are unrelated to it. In fact, Regional Mast no longer owned the scaffolding unit in question when the Agreement was signed, having sold it to Waco in 1998. Although claims of derivative liability always insert some unrelated issues into a case, in this matter, we find that there is no connection between the proposed third-party complaint and the existing case. As such, the evidence, witnesses, and legal issues would be entirely different. In addition, the third-party complaint would add a layer of unnecessary complication to the trial. A jury would now have to decide both a contract dispute and a products liability case. We conclude that joining the proposed third-party complaint to the existing case would unduly complicate the matter, and involve unrelated evidence, witnesses, and legal issues. We

further conclude that this undue complication, and the possible additional delay in bringing this matter to a close, would severely prejudice Scobie, who has already waited more than five years to reach some resolution of his claims.

Finally, we find that the third-party complaint would not avoid circuity of action or settle related matters in one lawsuit. As we have just detailed, the matters are not particularly related. Furthermore, any circuity has been brought on by Safeworks waiting five years to attempt to join its contractual claim against Coon and Valentine to Scobie's personal injury case. These factors likewise weigh against granting Safeworks leave to file a third-party complaint.

Based on our consideration of all of the relevant factors, we find that it would be imprudent to grant Safeworks leave to file a third-party complaint against Coon and Valentine. Our ruling has no substantive effect on Safeworks's rights - it retains the ability to file a separate action against Coon and Valentine for contribution, if appropriate. We make no determination as to the merits of such a claim based on this truncated record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD J. SCOBIE )
        Plaintiff, )
 )
v. ) Civil Action No. 03-1224
 )
WACO EQUIPMENT COMPANY, et al. )
        Defendants. )

### ORDER

Therefore, this 1ST day of May, 2008, IT IS HEREBY ORDERED that Safeworks's motion for leave to join third-party defendants [doc. no. 66] is DENIED;

IT IS FURTHER ORDERED that Safeworks's motion for leave to file a reply brief [doc. no. 69] is DENIED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record